FILED

OCT 23 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. SA19CR0785 FB |
| Plaintiff, | § | **INDICTMENT** |
| VS. | § | Ct 1: 21 U.S.C. § 846, 841(a)(1) & (b)(1)(A) Conspiracy to Possess with Intent to Distribute Methamphetamine; |
| ABELARDO GALLEGOS (1), CHRISTIAN JAVIER CRUZ ORTIZ (2), DELMY SONIA MONTERROSA AYALA (3) | § | Ct 2: 21 U.S.C. § 841(a)(1) & (b)(1)(A); 18 U.S.C. 2 Possession with Intent to Distribute Methamphetamine and Aiding & Abetting |
| Defendants. | § | Ct 3: 18 U.S.C. 924(c)(1)(A) Possession of a Firearm in Furtherance of Drug Trafficking Crime |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]**

That beginning on or about September 2019 and continuing through and including October 10, 2019, in the Western District of Texas and elsewhere, Defendants,

**ABELARDO GALLEGOS (1),**
**CHRISTIAN JAVIER CRUZ ORTIZ (2), and**
**DELMY SONIA MONTERROSA AYALA (3),**

and others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

**COUNT TWO**
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) & 18 U.S.C. § 2]**

That on or about October 10, 2019, in the Western District of Texas, Defendants,

**ABELARDO GALLEGOS (1),**
**CHRISTIAN JAVIER CRUZ ORTIZ (2), and**
**DELMY SONIA MONTERROSA AYALA (3),**

did unlawfully, knowingly and intentionally possess and aid and abet the possession with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

**COUNT THREE**
[18 USC §§ §§ 924(c)(1)(A)]

That on or about October 10, 2019, in the Western District of Texas, Defendant,

**ABELARDO GALLEGOS,**

in furtherance of drug trafficking crimes alleged herein in Counts One and Two, did knowingly possess a firearm, specifically, Smith & Wesson 9 MM Model # SW9VE, serial number DUV4230, in violation of Title 18, United States Code, 924(c)(1)(A).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2.]**

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

**I.**
**Drug Violations and Forfeiture Statutes**
**[Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2).]**

As a result of the foregoing criminal violations set forth above, the United States of

America gives notice to the Defendant(s) listed in said count(s) of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

**Title 21 U.S.C. § 853. Criminal forfeitures**

**(a) Property subject to criminal forfeiture**

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

**(2)** any of the person□s property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

## II.
## Firearms Forfeiture Statutes and Violations
**[Title 18 U.S.C. § 924(c)(1)(A)(i), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1) made applicable to criminal forfeiture by Title 28 U.S.C. § 2461.]**

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to the Defendant(s) listed in said count(s) of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

**Title 18 U.S.C. § 924. Penalties**

**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter.

This Notice of Demand for Forfeiture includes but is not limited to the following properties:

1. **Smith & Wesson 9 MM Model # SW9VE, serial number DUV4230; and**
2. **any related ammunition and firearm accessories.**

## III.
## Money Judgment

**Money Judgment**: A sum of money which represents the value of the proceeds from the violations charged in the superseding indictment for which the Defendants assessed a money judgment are liable.

## IV.
## Substitute Assets

If any of the property sought for forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

[redacted]
FOREPERSON OF THE GRAN[redacted]

JOHN F. BASH
UNITED STATES ATTORNEY

BY: ______________________
RUSSELL LEACHMAN
Assistant United States Attorney